**FILED**

**November 13, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:18 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Ricky L. Miller, | ) Docket No.: 2015-01-0236 |
|     **Employee,** | ) |
| v. | ) State File Number: 53226-2015 |
| Metaltek, Inc., | ) |
|     **Employer,** | ) Judge Thomas Wyatt |
| And | ) |
| Travelers Ins. Co., | ) |
|     **Insurance Carrier.** | ) |
| | ) |

## EXPEDITED HEARING ORDER DENYING TEMPORARY PARTIAL DISABILITY BENEFITS
### (RECORD REVIEW ONLY)

THIS CAUSE came before the Court upon a Request for Expedited Hearing (REH) filed by the employee, Ricky L. Miller, pursuant to Tennessee Code Annotated section 50-6-239 (2014), for a review of the record without an evidentiary hearing. Mr. Miller seeks temporary partial disability benefits beginning August 1, 2015, the date following which Metaltek, Inc. (Metaltek), the employer, terminated him while working a light-duty position. Metaltek denies Mr. Miller is entitled to temporary partial disability benefits because, had he not committed the violations for which it rightfully terminated him, it would have continued to provide him a light-duty position in which he would have earned income during the periods for which he seeks recovery. For the reasons set forth below, the Court finds Mr. Miller is not entitled to the requested temporary partial disability benefits.[1]

### History of the Claim

Mr. Miller is a sixty-four-year-old resident of Soddy-Daisy, Hamilton County, Tennessee. (T.R. 1 at 1.) On the date of injury, he had worked at Metaltek as a maintenance mechanic for approximately twenty-seven years. (T. R. 1 at 1; Ex. 6.)

---

[1] The Appendix to this Order contains additional information regarding the technical record and the exhibits considered as part of this on-the-record determination.

1

On May 20, 2015, Mr. Miller injured his right shoulder during an overhead installation of rigid conduit pipe in the course and scope of his employment by Metaltek. (T.R. 1 at 1; Ex. 4 at 1.)  On that date, Mr. Miller was working under a ten-pound lifting restriction from an October 2, 2014 work injury.  (Ex. 3 at 1; Ex. 7 at 1.)

Metaltek accepted Mr. Miller's May 20, 2015 injury as compensable and authorized Dr. Todd D. Bell as the treating physician.  (T.R. 4; Ex. 4 at 1.)  Dr. Bell diagnosed Mr. Miller with right shoulder joint and scapulothoracic pain, as well as subacromial impingement syndrome, acromioclavicular arthritis, and capsular contraction in his right shoulder and upper extremity.  (Ex. 4 at 3.)  Dr. Bell ordered physical therapy, prescribed medication, and released Mr. Miller to return to work with no overhead lifting, no lifting greater than five pounds, and no repetitive or forceful reaching, pushing or pulling with his right arm.  *Id.*

Metaltek initially accommodated the restrictions placed by Dr. Bell, as it had accommodated the restrictions from the May 2015 work injury.  (Ex. 1 at 1; Ex. 7 at 1.)  However, on July 31, 2014, Metaltek terminated Mr. Miller.  (Ex. 6.)  The Separation Notice Metaltek filed with the State of Tennessee stated the reason for the termination was "[v]iolation of company policy."  *Id.*

A written statement dated July 30, 2015, authored by Mr. Miller's supervisor, Eric Geesey, provided context for the decision to terminate Mr. Miller.  (Ex. 7.)  The statement outlined a number of incidents allegedly committed by Mr. Miller in violation of Metaltek's company policies, including multiple failures to follow safety procedures, some of which resulted in injury; talking to co-employees and distracting them from performing their jobs; engaging in harassing behavior with Mr. Geesey in the presence of other employees; sleeping on the job; and personal use of a company computer during work hours.  *Id.*

Metaltek submitted documentation of three formal corrective actions it took against Mr. Miller in the year before it terminated him.  The first write-up arose from an incident on July 19, 2014, for watching the news on a company computer, while the second arose when management found Mr. Miller asleep on the job.  (Ex. 8 at 1-2.)  Mr. Miller signed these two corrective action forms acknowledging that he understood the seriousness of the violations and warnings therein.  *Id.*  The final write-up, dated February 20, 2015, was for "[a] confrontational incident . . . on the shop floor with the Machine Shop Manager that was witnessed by other employees."  (Ex. 8 at 3.)  Mr. Miller refused to sign this document.  *Id.*

In his affidavit, Mr. Miller claimed Metaltek's machine shop manager asked him to perform jobs that exceeded his weight and strength restrictions.  (Ex. 1 at 1.)  He asserted therein, "[b]y, my inability to perform my job I feel that I was let go."  *Id.*  Mr. Miller did not deny the occurrence of the incidents alleged in Mr. Geesey's statement.  *Id.*  On

August 17, 2015, Mr. Miller petitioned this Court for an award of temporary disability benefits. (T.R. 1.)

When mediation did not resolve the claim, the mediating specialist issued a Dispute Certification Notice on September 11, 2015. (T.R. 4 at 2.) On September 28, 2015, Mr. Miller filed an REH upon a review of the file without an evidentiary hearing. (T.R. 2 at 1.) Metaltek neither asked for a hearing, nor objected to the request for a decision on the record.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Mr. Miller's Request for a Decision on the Record*

Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2015) affords the Court "discretion to either set [a requested Expedited Hearing] for a hearing or enter an interlocutory order based on a review of the file upon determining that no additional information is needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim." As Metaltek did not object to Mr. Miller's request for a decision on the record, the issue becomes whether the Court needs additional evidence to decide the claim on the record.

The record documents the medical restrictions placed on Mr. Miller's activities

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

due to his work injury; the basis on which Metaltek claims it does not owe temporary partial disability benefits; and Mr. Miller's response to Metaltek's position. Accordingly, the Court finds it does not need additional evidence to determine the issues raised by Mr. Miller's interlocutory claim to temporary partial disability benefits.[3]

*Mr. Miller's Claim for Temporary Partial Disability Benefits*

Tennessee Code Annotated section 50-6-207(2) (2014) provides for temporary partial disability benefits. In *Williams v. Saturn Corp.,* No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *3 (Tenn. Workers' Comp. Panel Nov. 15, 2005), the appellate panel defined the period during which an injured employee is entitled to temporary partial disability benefits as: "the time during which the injured employee is able to resume some gainful employment but has not yet reached maximum medical improvement." *Id.; Jewell v. Cobble Construction and Arcus Restoration,* No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015).

The Supreme Court has held that temporary restrictions assigned during the period an employee undergoes treatment for a work injury do not automatically entitle the employee to temporary partial disability benefits. If, during the period of temporary restriction, the employee could have performed work other than the pre-injury job without loss of income, the employee is not entitled to temporary partial disability benefits. *See Long v. Mid-Tennessee Ford Truck Sales,* 160 S.W.3d 504, 511 (Tenn. 2005).

Metaltek argued that Mr. Miller is not entitled to temporary partial disability benefits because, had he not been terminated for cause, he would have continued to earn income in the light-duty position Metaltek provided him for the approximately ten months preceding his termination. Mr. Miller did not challenge that Metaltek would have continued to offer him light-duty work, but countered that Metaltek terminated him because his work injuries adversely affected his ability to perform his work at Metaltek. (Ex. 1 at 1.) In his affidavit, Mr. Miller wrote, "I find myself asking as to why I was fired . . . By, my inability to perform my job I feel that I was let go." *Id.*

The issue before the Court, thus, is whether, at a hearing on the merits, the evidence submitted in this record establishes that Mr. Miller will prevail in its position that Metaltek did not terminate him for good cause. *McCord, supra,* at *9. If Mr. Miller does not prevail in his position, Metaltek does not owe him temporary partial disability benefits. *See Long, supra,* at 511: *see also Carter v. First Source Furniture Group,* 92

---

[3] By making an on-the-record determination, the Court makes no decision as to the admissibility of the information submitted in the case file absent an objection from a party. The Court notes in this case the parties did not raise any objection to admissibility of any information in the file; therefore, the Court reviewed and considered the entire case file in making its determination.

4

S.W.3d 367, 371-372 (Tenn. 2002) (holding that, "an employer should be permitted to enforce workplace rules without being penalized in a workers' compensation case.") *Id.* at 368).[4] In order to decide the issue, the Court must determine: "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." *Ingram v. Heads Up Cutting Ctr.*, No. M2012-00464-WC-R3-WC, 2013 Tenn. LEXIS 338, at *20 (Tenn. Workers' Comp. Panel Apr. 10, 2013); *see also Durham v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00708-WC-R3-WC, 2009 LEXIS 3, at *9 (Tenn. Workers' Comp. Panel Jan. 5, 2009).

While Mr. Miller complained that Metaltek's machine shop manager increasingly "found fault in me and my work" and "[asked] me to do things that he knew was over my weight and strength limits," he did not deny the truthfulness of the charges upon which Metaltek terminated him. (Ex. 1.) Likewise, Mr. Miller did not reply to Metaltek's filing of Mr. Geesey's statement outlining the charges upon which Metaltek terminated him.[5] Absent Mr. Miller's denial of the violations on which Metaltek claimed it based his termination, the Court accepts the factual accuracy of said violations. *See True v. Amerail Corp.*, 584 S.W.2d 794, 797 (Tenn. 1979), in which the employee failed to respond to the employer's allegation he accepted Arkansas workers' compensation benefits over Tennessee benefits. The Supreme Court held it would not "presume from a silent record" that the employee did not have full knowledge of his options when he accepted Arkansas benefits.

Mr. Geesey's statement (Ex. 7) provided that Metaltek considered the following violations committed by Mr. Miller in its decision to terminate him:

- On July 10, 2014, Metaltek gave Mr. Miller a written warning about watching a newscast on a company computer. The write-up indicated the company had warned Mr. Miller about the improper use of a company computer on previous occasions. (Ex. 8 at 1.)[6]
- On October 8, 2014, Metaltek suspended Mr. Miller for three days for sleeping on the job. (Ex. 8 at 2.)[7]
- Mr. Miller used an improper tool resulting in his October 2014 work

---

[4] The *Carter* opinion arose in the context of a claim for reconsideration of a capped award of permanent disability benefits following the employee's termination. The Court finds the principle underlying the decision in *Carter*, i.e., that an employee with a capped permanent disability benefits award is not entitled to an additional award when terminated for cause, is equally applicable to a claim for temporary partial disability benefits.

[5] Rule 7.02(A) provides a party who filed a Request for Expedited Hearing three business days after the opposing party files its response to the Request for Expedited Hearing.

[6] Mr. Miller signed a Corrective Action Form on this violation indicating he understood the seriousness of the warning and its contents.

[7] Mr. Miller also signed the Corrective Action Form on this violation indicating he understood the seriousness of the warning and its contents.

injury. (Ex. 7 at 1.)

- Mr. Miller exceeded the restrictions placed on him due to his work injury "throughout the year," including during the incident in which he sustained the work injury that underlies this claim. *Id.*
- Mr. Miller worked at heights on multiple occasions without utilizing a fall prevention harness. *Id.*
- On February 15, 2015, Metaltek suspended Mr. Miller for two days for "[a] confrontational incident [occurring] on the shop floor with the Machine Shop Manager that was witnessed by other employees." (Exs. 7 at 1; 8 at 3.)[8]
- Mr. Miller engaged in a pattern of conversing with other employees on company time, thus disrupting their work. Mr. Geesey's report indicated he observed Mr. Miller distracting other employees on four occasions in the days immediately preceding the date Metaltek terminated him.

The Court also finds that the above violations, and not Mr. Miller's physical restrictions, constitute the true reason Metaltek terminated Mr. Miller. Metaltek demonstrated its good faith in accommodating the restrictions placed because of Mr. Miller's work-related injuries by accommodating his work-related restrictions for approximately ten months. The Court finds that, had Mr. Miller not committed the above-listed violations, he would have continued to earn income in the light-duty job in which Metaltek placed him during the preceding ten months.[9] In view of the above, the Court finds that Mr. Miller is not likely to prevail at a hearing on the merits in his claim for temporary partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Miller's request for temporary partial disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on January 6, 2015, at 10:00 a.m. Eastern Time. The Court will conduct the hearing by telephone. The call-in numbers are 855-747-1721 (toll-free) or 615-741-3061.

---

[8] Mr. Miller refused to sign the Corrective Action Form on this violation.

[9] In view of the fact Metaltek worked Mr. Miller on light duty for approximately ten months in accommodation of his work-related restrictions, the Court finds no basis to sustain Mr. Miller's claim that Metaltek terminated him because of his inability to perform his job.

6

**ENTERED this the 13th day of November, 2015.**

_[signature]_

Judge Thomas Wyatt
Court of Workers' Compensation Claims
1301 Riverfront Parkway, Suite 202
Chattanooga, Tennessee  37402

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set on January 6, 2015, at 10:00 a.m., Eastern Time, with **Judge Thomas Wyatt, Court of Workers' Compensation Claims.  You must call 615-741-3061 or toll-free at 855-747-1721 to participate in the Initial Hearing.**

**Please Note:** You must call in on the scheduled date/time to participate. **Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board.  To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.**  Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment.  Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service.  In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing

fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Ricky L. Miller accompanying the Request for Expedited Hearing filed September 28, 2015, but filed with the Clerk of the Court of Workers' Compensation Claims on September 29, 2015;
2. Wage Statement;
3. Medical Records of Southeastern Spine/Dr. Jay E. Jolley, II;
4. Medical Records of McCallie Physician Office/Dr. Todd D. Bell;
5. Worker's Compensation Consult Follow-up electronically signed by Dr. Todd D. Bell;
6. Separation Notice;
7. Written statement of Eric Geesey; and
8. Metaltek Employee Corrective Action forms.

Technical record:[10]
1. Petition for Benefit Determination, filed August 17, 2015;
2. Request for Expedited Hearing, filed September 28, 2015;
3. Metaltek's response to Employee's Petition for Benefit Determination, addressed to the mediating specialist, dated August 31, 2015, but filed with the Clerk of the Court of Workers' Compensation Claims on September 29, 2015;
4. Dispute Certification Notice, filed September 29, 2015;
5. Email correspondence attaching a copy of the Request for Expedited Hearing, from the Clerk of the Court of Workers' Compensation Claims to various parties, including Mr. Miller and counsel for Metaltek, sent September 29, 2015; and
6. Position Statement of Metaltek, attaching a Separation Notice, employment records, and a signed narrative statement of Eric Geesey.

---

[10] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Denying Temporary Partial Disability Benefits was sent to the following recipients by the following methods of service on this the 13th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Ricky L. Miller, self-represented | | X | | | X | mascarrolls@yahoo.com |
| Barrett Albritton, attorney | | | | | X | bsa@smrw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov