**Ex parte Eva Diana TAMEZ, Appellant.**

Nos. 01–99–00048–CR, 01–99–00050–CR, 01–99–00052–CR, 01–99–00054–CR, 01–99–00056–CR and 01–99–00311–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 23, 1999.

Donald W. Bankston, Richmond, for Appellant.

John H. Harrity, III, John F. Healey, Jr., Richmond, for State.

Panel consists of Chief Justice SCHNIEDER, and Justices TAFT and PRICE.[1]

## OPINION

TIM TAFT, Justice.

Appellant, Eva Diana Tamez, is charged with six counts of aggravated perjury for alleged inconsistencies in her testimony during two separate murder trials. She has filed pretrial writs of habeas corpus challenging the constitutionality of sections 37.04 and 37.06 of the Texas Penal Code, as applied. She asks us to reverse the trial court's order denying habeas corpus relief. We affirm the trial court's denial of the writs.

## Jurisdiction

■ Pretrial writs of habeas corpus are reviewable by this Court in cases in which the defendant is charged under a void statute. *Ex parte Meyer*, 172 Tex. Crim. 403, 357 S.W.2d 754, 756 (1962). Because the appellant challenges the constitutionality of sections 37.04 and 37.06, as applied to her by the indictment, this Court has jurisdiction to review the constitutionality of the statute under which she was charged.

## Constitutionality of Section 37.04(c)

■ Appellant makes three arguments supporting her sole point of error. In her first argument, appellant claims section 37.04(c) of the Texas Penal Code is unconstitutional and therefore section 37.03 and

all of section 37.04 are also unconstitutional. Appellant relies on *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). Materiality issues in perjury cases are mixed questions of fact and law that must be submitted to a jury under *Gaudin*. 515 U.S. at 511, 115 S.Ct. at 2314. Section 37.04(c), however, states that materiality is a "question of law." TEX. PENAL CODE ANN. § 37.04(c) (Vernon 1997). Appellant interprets "materiality is a question of law" to mean materiality is an issue for the court to decide. Appellant argues section 37.04(c) is unconstitutional because determination of materiality by the court is unconstitutional under *Gaudin*.

■ Appellant's argument is not ripe because the record does not show that section 37.04(c) will be applied to appellant. Because appellant has submitted a pretrial writ, the trial court has not yet decided any issues of materiality. Furthermore, the State in its indictments lists materiality as an element it intends to prove beyond a reasonable doubt. This is an apparent acceptance of the of the burden to submit materiality questions to a jury in accordance with *Gaudin*. An appellant challenging a statute's constitutionality must show the statute is unconstitutionally applied to herself. *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App. 1981); *see also Vuong v. State*, 830 S.W.2d 929, 941 (Tex.Crim.App.1992); *James v. State*, 772 S.W.2d 84, 91 (Tex.Crim.App. 1989). Simply showing that a statute may be unconstitutionally applied to others is insufficient. *Id.* Therefore, appellant cannot make any constitutionality claim against the State because section 37.04(c) has not been applied to her in any unconstitutional manner, if at all. Perhaps, at trial, the court will not submit the question of materiality to the jury and will instead decide the issue itself. Should this occur, appellant would have a ripe *Gaudin* argu-

---

ment. Until then, however, appellant's constitutional claim is not yet ripe. We overrule appellant's first argument.

### Fairness of Jury Question

■ In her second argument in support of her point of error, appellant contends generally that the trial court is incapable of issuing a fair jury instruction, but does not clearly state the nature of her complaint. Appellant argues that any standard the trial court formulates would leave her without "appropriate notice of trial court imposed changes." We interpret this as a constitutional challenge to 37.03 and 37.04, as applied. This argument presumes the trial court will not apply the same definition of materiality already in existence, a question not yet before us. We conclude the issue is not yet ripe and that we therefore may not rule on it. We overrule appellant's second argument.

### Requisites of Proof

■ Appellant's third argument in favor of her point of error challenges the constitutionality of the State using the combination of sections 37.03 and 37.06. Under section 37.06, the State need prove only that two statements made under oath in an official proceeding are inconsistent. The State need not prove which statement is actually false. Appellant contends this could lead to a situation in which all elements of section 37.03 are not satisfied, specifically, materiality. Appellant hypothesizes a situation in which two inconsistent statements are made, in two different trials, and that the statement was material in one case and not in the other. Appellant claims this could lead to convicting a person for making a true, material statement and a false, immaterial statement, neither of which would satisfy section 37.03. However, appellant does not indicate why this would be unconstitutional if both statements are proven material, which appears as one of the elements the State intends to prove in its indictment. Again, we conclude this issue is

not yet ripe and thus decline to rule on it. We overrule appellant's third argument.

### Conclusion

We affirm the trial court's denial of appellant's pretrial writs of habeas corpus.

