**EX PARTE Evelin D. GONZALEZ**

**NO. 14-16-00486-CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed April 13, 2017

Kim K. Ogg, Clinton Morgan, Houston, Eric Kugler, for State of Texas.

Jayson Booth, Houston, for Appellant.

Panel consists of Justices Busby, Donovan, and Brown.

## OPINION

J. Brett Busby, Justice

Appellant Evelin Gonzalez was charged with violating the Harris County Game Room Regulations,[1] Tex. Loc. Gov't Code Ann. § 234.138 (West 2016) (making it a Class A misdemeanor to intentionally or knowingly operate a game room in violation of game room regulations adopted by a county). Appellant filed a pretrial application for writ of habeas corpus challeng- ing the constitutionality of the Regulations. After a hearing, the trial court issued an order denying the application. Appellant appeals the trial court's denial, raising five issues.

█ In her first issue, appellant argues section 3.10 of the Regulations is unconstitutionally overbroad because it prohibits activities protected by the First Amendment. We overrule this issue for lack of standing because appellant is not charged with violating section 3.10. In her second issue, appellant argues that the first three enumerated definitions of "to operate a game room" under section 1.4(e) are unconstitutionally vague. We conclude this challenge is an "as applied" challenge, which cannot be decided prior to trial.

█ In appellant's third, fourth, and fifth issues, she challenges the civil penalties available under the Regulations on various theories. Because the State is not currently seeking civil penalties from appellant, however, these challenges are not ripe for review. Finally, appellant also contends in her fifth issue that sections 2.2(a) and 3.8(b) of the Regulations deprive game room owners, operators, and employees of liberty and property without due process. Because she is not charged with violating the sections 2.2(a) and 3.8(b), appellant lacks standing to challenge those sections. Accordingly, we affirm the trial court's denial of her pretrial application for writ of habeas corpus.

### BACKGROUND

The Harris County Commissioners Court adopted the Harris County Game Room Regulations pursuant to section 234.133 of the Texas Local Government

---

1. Harris County Game Room Regulations (2015), http://www.harriscountyso.org/documents/Permits/Game_Room_Regulations.pdf. Section 234.133 of the Texas Local Gov- ernment Code gives the commissioners court of a county the authority to regulate the operation of game rooms.

Code. Under the Regulations, an owner or operator must maintain onsite, and produce for inspection, game room employee records. Regulations § 3.7(b). A person who operates a game room in violation of this section is subject to a civil penalty not to exceed $10,000 per violation. *Id.* § 3.7(d). Each record that is missing or deficient is a separate violation. *Id.* Further, each day a record is missing or is deficient is a separate violation. *Id.* The Regulations provide that it is also a Class A misdemeanor to intentionally or knowingly operate a game room in violation of this section. *Id.* § 3.7(e).

Appellant was charged with a Class A Misdemeanor for violating the Regulations. Specifically, the information provides that appellant did "unlawfully while acting as an OPERATOR of a game room ... intentionally and knowingly operate [the] game room in violation of the Harris County Game Room Regulations, namely, Defendant failed to maintain on the premises ... a record for each employee of [the] game room, as set forth in Section 3.7." The record does not reflect that civil penalties are being sought against appellant.

Appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of the Regulations on five different grounds. At the hearing, the trial court denied appellant's requested relief on each ground. This appeal followed.

## ANALYSIS

### I. Standard of review and applicable law

■ In general, we review a trial court's ruling on an application for writ of habeas corpus using an abuse-of-discretion standard, and we view any evidence in the light most favorable to that ruling and defer to implied factual findings supported by the record. *Phuong Anh Thi Le v. State*, 300

S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

■ Pretrial habeas corpus proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005). A defendant may only seek pretrial habeas relief in limited circumstances. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Those limited circumstances are (1) to challenge the State's power to restrain the defendant; (2) to challenge the manner of pretrial restraint, *i.e.*, the denial of bail or conditions of bail; and (3) to raise certain issues that would bar prosecution or conviction. *Id.*

■ A threshold issue is whether a claim is cognizable on pretrial habeas. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy, and we must be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate courts at the pretrial stage. *Id.* "Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *see also Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

■ "A claim that a statute is unconstitutional on its face may be raised by pretrial writ of habeas corpus because the invalidity of the statute would render the charging instrument void." *Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). To invalidate a statute as facially unconstitu-

tional, the defendant must show that the statute is unconstitutional in all of its applications. *Ellis*, 309 S.W.3d at 80. Pretrial habeas may not be used to advance an "as applied" challenge to a statute. *Id.* at 79. If a claim is designated as a facial challenge, but is actually a challenge to a particular application of the statute, courts should refuse to consider the merits of the claim. *Id.* at 80.

■ The overbreadth doctrine, however, allows a statute to be invalidated on its face even if it has a legitimate application and even if the parties before the court have not suffered a constitutional violation. *Id.* at 91. The reason for this exception is to "vindicate First Amendment interests and prevent a chilling effect on the exercise of First Amendment freedoms. . . ." *Id.* at 90–91.

■ A constitutional attack may not be based on an apprehension of future injury. *Ex parte Spring*, 586 S.W.2d 482, 485 (Tex. Crim. App. 1978). Such an attack is not ripe unless the record shows that the challenged section will be applied to the defendant. *Ex parte Tamez*, 4 S.W.3d 366, 367 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

## II. Appellant cannot challenge sections of the Regulations that have not been applied to her.

■ The State argues that appellant's first, third, fourth, and fifth issues raise challenges to sections of the Regulations that do not apply to appellant. Because those sections do not apply to appellant, the State argues, those challenges cannot be brought in a pretrial habeas application. We agree with the State.

### A. Appellant does not have standing to challenge section 3.10, which she is not charged with violating, as overbroad.

Appellant argues in her first issue that section 3.10, which prohibits game room membership, is unconstitutionally overbroad. In appellant's view, this prohibition infringes the right of association protected under the First Amendment of the United States Constitution. Appellant contends she has standing to bring this challenge because the overbreadth doctrine allows a statute to be invalidated on its face even if it has a legitimate application and even if the parties before the court have suffered no harm.

■ We conclude appellant does not have standing to challenge section 3.10 of the Regulations because she is not charged with violating that section. Although appellant is correct that the overbreadth doctrine can allow a statute to be invalidated on its face even when a party has suffered no constitutional violation, *Ellis*, 309 S.W.3d at 91, the challenged part of the regulation must apply to appellant in order for her to challenge its constitutionality through a pretrial habeas proceeding. *Tamez*, 4 S.W.3d at 367. Put another way, even if we were to conclude that this section is overbroad, appellant would not be entitled to immediate release because the invalidity of this section would not render her charging instrument void. *Weise*, 55 S.W.3d at 619. We therefore overrule appellant's first issue.

### B. Appellant's argument that the Regulations contain unconstitutionally excessive penalties is not ripe for review.

In appellant's third issue, she argues that the Regulations violate the Eighth Amendment of the United States Constitution and Article 1, section 13, of the Texas Constitution because the Regulations contain excessive civil penalties. Appellant points to several different sections, each of which prescribes a civil penalty not to exceed $10,000 per violation. *See* Regula-

tions §§ 2.1(a), 2.8(a), 3.1(d), 3.2(c), 3.3(f), 3.4(f), 3.6(c), 3.7(d), 3.8(d), 3.10(f), 3.12(c).

 The record does not reflect that civil penalties are being sought against appellant, so her challenge is not ripe for review. *Spring*, 586 S.W.2d at 485; *Tamez*, 4 S.W.3d at 367. Moreover, even if we were to conclude that the Regulations impose unconstitutionally excessive civil penalties, it would not result in appellant's release. *Weise*, 55 S.W.3d at 619. Therefore, this issue is not appropriate for resolution through a pretrial habeas application. *Perry*, 483 S.W.3d at 895. Appellant's third issue is overruled.

### C. Appellant's Double Jeopardy challenge is not ripe because it is based on an apprehension of future injury.

In her fourth issue, appellant argues that the civil penalties provided in the Regulations are punitive in purpose and effect and therefore should be considered criminal penalties. Appellant contends that the Regulations therefore subject her and others in her situation to both criminal prosecution and excessive civil punishment in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

 The Double Jeopardy Clause protects against multiple criminal punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). When a penalty has been labeled as "civil," a court may inquire "whether the statutory scheme was so punitive either in purpose or effect . . . as to transfor[m] what was clearly intended as a civil remedy into a criminal penalty." *Id.* (citations omitted).

 The record does not show that Appellant has any previous punishment for the same offense. Nor does it reflect the State is seeking any civil penalties. Therefore, appellant's Double Jeopardy argu-

ment is based on an apprehension of future injury and is not ripe for our review. *Spring*, 586 S.W.2d at 485; *Tamez*, 4 S.W.3d at 367. We overrule appellant's fourth issue.

### D. Appellant does not have standing to bring due process challenges to sections of the Regulations she is not charged with violating.

Appellant argues in her fifth issue that certain sections of the Regulations deprive game room owners, operators, and employees of liberty and property without due process. Specifically, appellant argues that owners and operators of game rooms may be deprived of their right to own businesses, to earn a living, and to establish themselves as members of the business community due to excessive fines. Next, appellant argues that section 2.2(a) amounts to an unlawful taking without due process because a game room shall not operate during the pendency of any appeal to the hearing examiner from the revocation, denial, or suspension of a game room permit. Finally, appellant contends that section 3.8 obstructs and deprives individuals of the right to work for a living in the common occupations of the community by making it unlawful for owners, operators, and employees of game rooms to have been previously convicted of violations of Chapters 32, 34, or 47 of the Texas Penal Code.

 Appellant does not have standing to bring due process challenges to sections 2.2(a) or 3.8 because she has not been charged with violating those sections of the Regulations. *Tamez*, 4 S.W.3d at 367. Further, the record does not reflect that civil penalties are being sought against appellant. Therefore, her argument that excessive fines violate due process is not ripe for review. *Spring*, 586 S.W.2d at

485; *Tamez*, 4 S.W.3d at 367. Appellant's fifth issue is overruled.

### III. Appellant's vagueness challenge to the definition of "Operate a Game Room" is an "as applied" challenge that cannot be decided pretrial.

Section 1.4(e) of the Regulations provides an eleven-part definition of the phrase "Operate a Game Room," [2] and certain other sections of the Regulations use that phrase in describing their scope. Appellant argues that the first three parts of the definition in section 1.4(e)—engage in the business of operating a game room, cause the operation of a game room, or be a part of the operation of a game room— are unconstitutionally vague.

The State responds that appellant has not really brought a facial challenge because she has not challenged all parts of the definition as vague. Even if we conclude that part of the definition is vague, the State contends, facts developed later at trial could show that appellant engaged in a more specific act under section 1.4(e). Therefore, the State argues, a successful

challenge would not result in appellant's immediate release.

■■■ "[U]nless First Amendment freedoms are implicated, a facial vagueness challenge can succeed only if it is shown that the law is unconstitutionally vague in all of its applications." *Ellis*, 309 S.W.3d at 80. Here, appellant does not contend that the definition implicates First Amendment freedoms. Therefore, appellant must show that the definition of "to operate a game room" is unconstitutionally vague in all of its applications.

Appellant labels the first three parts of the section 1.4(e) definition "catch-alls" and contends that reasonable people cannot identify whether their activities fall within those parts and thus are subject to the Regulations. As *Ellis* notes, courts have recognized in the First Amendment context that catch-all provisions within a statutory list can be unconstitutional on their face even if other items in the list are reasonably specific.[3] We need not decide whether this principle applies outside the First Amendment context because appellant's pretrial challenge fails for other reasons.

---

2. To "Operate(s) a Game Room" means to:
 (1) engage in the business of operating a Game Room;
 (2) cause the operation of a Game Room;
 (3) be a part of the operation of a Game Room;
 (4) fund the operation of a Game Room;
 (5) have a financial interest in a Game Room;
 (6) receive any profit from a Game Room;
 (7) supply machines described in Subsection 1.4(a) (1)-(2) to a Game Room;
 (8) own machines described in Subsection 1.4(a) (1)-(2) located in a Game Room;
 (9) receive any payment from a machine described in Subsection 1.4(a) (1)-(2) located in a Game Room;
 (10) receive an profit from a machine described in Subsection 1.4(a) (1)-(2) located in a Game Room; or

 (11) have machines described in Subsection 1.4(a) (1)-(2) registered in your name with the City of Houston and/or the Texas Comptroller located in a Game Room.
 Regulation § 1.4(e).

3. *Ellis*, 309 S.W.3d at 81 & n.52 (citing *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 769-70, 772, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988) (holding catch-all provision of ordinance that required permit for expressive activity was unconstitutionally vague); *State v. Mullen*, 577 N.W.2d 505, 512 (Minn. 1998) (applying decision holding harassment statute facially overbroad because it prohibited broad range of activity protected by First Amendment)).

■ These Regulations contain a severability clause providing that if any part of the Regulations is found to be unconstitutional, the remaining sections or subsections will continue in force as law. Regulations § 4.2. Therefore, even if the first three parts of the section 1.4(e) definition were unconstitutionally vague, appellant would not be released from confinement because the State might prove at trial that one or more of the remaining parts—which appellant does not challenge—applies to her conduct. Appellant's argument is thus an "as applied" challenge, and it may not be reviewed on pretrial habeas. *Weise*, 55 S.W.3d at 619.

■ Moreover, another defined term in the regulations provides context to the meaning of the first three parts of the definition of "operate a game room." Appellant is charged with violating section 3.7 of the Regulations by failing to maintain employee records while acting as an "operator" of a game room. The State will therefore have the burden to prove at trial that appellant was acting as an operator. *See Uddin v. State*, 503 S.W.3d 710, 716 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The definition of "operator" under section 1.4(f) provides a specific list of activities involved in operating a game room that would qualify a person as an "operator." [4] This definition in the Regulations provides

context for the first three parts of the "to operate a game room" definition. *See* Tex. Gov't Code Ann. § 311.011(a) (West 2013) (providing that in construing statutes, words and phrases shall be read in context). Appellant has not argued that a person of common intelligence is incapable of deciphering what conduct is prohibited by section 3.7 when the definition of "operator" is read together with the parts of the definition of "operate a game room" of which she complains. *See Flores*, 483 S.W.3d at 643 (discussing vagueness standard). Because appellant has not shown that even the complained-of parts of the definition are vague in all applications, she is not entitled to pretrial habeas relief. *Ellis*, 309 S.W.3d at 80. Appellant's second issue is overruled.

CONCLUSION

Having overruled all issues on appeal, we affirm the trial court's denial of appellant's pretrial application for writ of habeas corpus.

4. *"Operator"* means an individual who:
 (1) operates a cash register, cash drawer, or other depository on the premises of a Game Room or of a business where the money earned or the records of credit card transactions or other credit transactions generated in any manner by the operation of a Game Room or activities conducted in a Game Room are kept;
 (2) displays, delivers, or provides to a customer of a Game Room; merchandise, goods, entertainment, or other services offered on the premises of a Game Room

 (3) takes orders from a customer of a Game Room for merchandise, goods, entertainment, or other services offered on the premises of a Game Room;
 (4) acts as a door attendant to regulate entry of customers or other persons into a Game Room; or
 (5) supervises or manages other persons at a Game Room in the performance of an activity listed in this Subsection.
 Regulation § 1.4(f).