**Opinion issued August 13, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00112-CR

————————————

## EX PARTE ELENA HERRERA SALAS

On Appeal from the County Criminal Court at Law No. 15
Harris County, Texas
Trial Court Case No. 2235783

## MEMORANDUM OPINION

Elena Herrera Salas appeals the denial of her pretrial application for writ of habeas corpus, challenging the validity of section 3.7 of Harris County's game room regulations. In one point of error, Salas contends the trial court erred in denying her petition because the offense with which she is charged conflicts with another state law and is therefore preempted. We affirm.

## Background

Appellant Elena Salas was charged with a Class A misdemeanor offense under section 234.138 of the Texas Local Government Code by her violation of section 3.7 of Harris County's game room regulations. TEX. LOC. GOV'T CODE § 234.138; HARRIS CTY. GAME ROOM REG. (2013) https://www.harriscountyso.org/documents/Permits/Game_Room_Regulations.pdf

Harris County adopted the game room regulations under authority of Subchapter E of the Texas Local Government Code. HARRIS CTY. GAME ROOM REG. § 1.1(a)-(b). Subchapter E, which includes sections 234.131-140, gives authority to Texas counties to adopt and enforce regulations concerning local game rooms.

A game room is defined as:

> [A] for-profit business located in a building or place that contains six or more:
>
> (A) amusement redemption machines; or
>
> (B) electronic, electromechanical, or mechanical contrivances that, for consideration, afford a player the opportunity to obtain a prize or thing of value, the award of which is determined solely or partially by chance, regardless of whether the contrivance is designed, made, or adopted solely for bona fide amusement purposes.

TEX. LOC. GOV'T CODE § 234.131(2).

The State alleged that Salas failed to maintain a daily register containing identifying information of each employee at Salas's game room, which is required

to be available for inspection upon request. HARRIS CTY. GAME ROOM REG.§ 3.7(b)(1)-(2), (c). That record-keeping regulation provides:

> (b) A Game Room shall maintain onsite, and produce to any Peace Officer, Fire Safety Official, and/or designated County Employee for inspection:
>
> > (1) a record for each employee that contains the name, address, date of birth, state identification number or social security number, job function, W-2 or W-4 form, a copy of application for work with the Game Room, a copy of the I-9 filed as part of Employment Eligibility Verification for the Department of Homeland Security, and a photograph of the employee;
> >
> > (2) a daily register that contains the name, date of birth, state identification number or social security number, and job function of each employee present at the establishment that day. Every Owner, Operator, employee, agent, and/or any other individual acting for or acting on behalf of the Game Room is required to sign the daily register with the information required above immediately upon entering the Game Room; and
> >
> > . . . .
>
> (c) A Game Room shall preserve the daily register required by Subsection (b)(2) for ninety (90) days after the date the register was made. The register must be maintained at the Game Room, it must be accessible by any Person on duty at the Game Room, and must be made available to any Peace Officer, Fire Safety Official, and/or designated County Employee upon request.

*Id.*

## Analysis

Salas asserts that Section 3.7 of the Harris County game room regulations conflicts with Sections 501.001 and 521.052 of the Texas Business and Commerce Code.

Pretrial habeas corpus relief is only available in three circumstances: (1) to challenge the State's power to restrain the defendant; (2) to challenge the manner of pretrial restraint; and (3) to raise certain issues that would bar prosecution or conviction. *Ex parte Gonzalez*, 525 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Salas sought relief under the third circumstance, by attempting to show that the municipal ordinance under which she is charged is invalid.

An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim App. 2003). If the issue does not depend on credibility of witnesses, an appellate court reviews the trial court's ruling de novo. *Id.*

In her sole issue, Salas asserts that Section 3.7 of the game room regulations is preempted by other state law—in particular, Sections 501.001 and 521.052 of the Business and Commercial Code. Article XI, section 5 of the Texas Constitution provides that home-rule cities, such as Houston, may not pass any ordinance that

4

contains a "provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST., art. XI, § 5(a). If an ordinance conflicts with state legislation, it is invalid and preempted. *See BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 18–19 (Tex. 2016). If any reasonable construction of the ordinance and statute can be reached that leaves both in effect, no preemption will be found. *See id.* at 7. Salas has not presented authority showing that county ordinances in conflict with state law are also preempted, but even if they may be preempted, there is no conflict shown here.

Section 501.001 prohibits the intentional communication of a person's social security number to the public. *See* TEX. BUS. & COM. CODE § 501.001(a). This statute does not apply to the collections or release of a social security number required by state or federal law or the use of social security numbers for administrative purposes. *See id.* § 501.001(e). Section 521.052 requires businesses to implement reasonable procedures "to protect from unlawful use or disclosure any sensitive personal information collected or maintained by the business in the regular course of business." *Id.* § 521.052(a).

Salas contends that these statutes conflict with Houston municipal ordinance 3.7, which requires game room businesses to keep on site certain employment-related information concerning its employees, including social security numbers, and to keep a daily register signed by each employee who works that day, with

5

identification information such as date of birth and state identification number or social security number. HARRIS CTY. GAME ROOM REG. § 3.7(b). The statutes do not reflect a clear intent to preempt local ordinances that do not concern identity theft or disclosure of identity information. *Cf. BCCA Appeal Grp.*, 496 S.W.3d at 12-13 (statute expressed unmistakable intent to limit municipality's power to enact or enforce air pollution ordinances). The ordinance in this case does not concern identity theft, but instead concerns the regulation of game rooms, and thus, it is not expressly inconsistent with the statutes' protection of social security numbers from public disclosure.

Because the ordinance does not require the unlawful disclosure of social security numbers, it does not conflict with Section 521.052. The ordinance does not require employers to disclose the social security information to the public, but only to show certain information to peace officers who request to see it, and therefore, it does not conflict with Section 501.001. *See id.* 3.7(b), (c). Because a reasonable construction of the ordinance and statutes can be reached that leaves both in effect, the trial court properly determined that there was no preemption. *See BCCA Appeal Grp., Inc.*, 496 S.W.3d at 7. Accordingly, the trial court properly denied Salas's application for writ of habeas corpus.

## Conclusion

We affirm the trial court's order denying Salas's petition for writ of habeas corpus.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).