**Affirmed and Memorandum Opinion filed April 20, 2021.**



In The

# Fourteenth Court of Appeals

NO. 14-19-00855-CR
NO. 14-19-00856-CR
NO. 14-19-00857-CR
NO. 14-19-00858-CR

## EX PARTE ROBBIE GAIL CHARETTE, Appellant

V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 18,345, 18,346, 18,347 & 18,348**

## MEMORANDUM OPINION

Appellant, Robbie Gail Charette, appeals from the trial court's order denying her "application for pretrial writ of habeas corpus and/or first motion to quash and dismiss the indictment as prosecution improperly brought" in four misdemeanor cases in which she was charged under the Texas Election Code and Texas

Government Code.  In two issues, appellant contends that the trial court erred in denying her relief.  We affirm the trial court's order.

## I.    BACKGROUND

Appellant, a candidate for county court-at-law judge in Washington County in the March 2018 primary, was indicted for four misdemeanor charges arising out of alleged violations of the Texas Election Code and Texas Government Code.  A special prosecutor, Austin County District Attorney Travis Keohn, presented the case to a Washington County Grand Jury, which in June 2018 indicted appellant as follows:  failure to disclose true source of communication in violation of Section 255.004 of the Texas Election Code;[1] Misleading Use of Office Title in violation of Section 255.006 of the Texas Election Code;[2] Failure to Timely File Personal Financial Statement in violation of Sections 159.052, 159.056, and 572.027 of the Texas Government Code;[3] and Recordkeeping Required–Political Campaign in violation of Section 254.001 of the Texas Election Code.[4]  Appellant was released after posting cash bonds.

In April 2019, appellant filed a "pretrial application for a writ of habeas corpus and/or first motion to quash and dismiss the indictment as prosecution improperly brought," challenging the validity of the prosecution by Koehn in seeking and obtaining the four indictments.  Appellant asserted that the indictments were void "due to the State's complete failure to comply with applicable Texas

---

[1]  A Class A misdemeanor in trial court cause number 18,345 is being appealed as 14-19-00855-CR.

[2]  A Class A misdemeanor in trial court cause number 18,346 is being appealed as 14-19-00856-CR.

[3]  A Class B misdemeanor in trial court cause number 18,347 is being appealed as 14-19-00857-CR.

[4]  A Class B misdemeanor in trial court cause number 18,348 is being appealed as 14-19-00858-CR.

constitutional and statutory procedure requiring the Texas [Ethics] Commission's . . . oversight of the alleged violations of the Election Code and Chapter 572, Government Code." The State filed its response to appellant's application for a pretrial writ, arguing, in relevant part, that it should be dismissed for failing to allege a due process violation which would entitle her to file an application for pretrial habeas relief and, alternatively, that it should be denied on the merits, as the Texas Ethics Commission ("TEC") has no jurisdiction, discretion, or authority over a prosecutor's decision to investigate and prosecute crimes.

On April 25, 2019, the trial court held a hearing on appellant's pretrial application. During the hearing, the trial court admitted an exhibit offered by the State, a news article entitled "Update – Charette Campaign Answers Questions." Additionally, the trial court admitted an exhibit offered by appellant – a letter from the Texas Ethics Commission dated April 22, 2019, confirming no sworn complaint had been filed. After the hearing, appellant filed a post-hearing brief in support of her application for a pretrial writ, arguing that the special prosecutor's "leapfrogging" – failing to file a complaint with the TEC – violated appellant's right to due process. Appellant also argued that the special prosecutor does not have "unfettered discretion" and that it "may be limited by Constitution and statute, as well as caselaw." Appellant distinguished cases raised by the State during the hearing.

On October 16, 2019, the trial court signed its Memorandum Ruling and Order denying appellant's "application for pretrial writ of habeas corpus and/or first motion to quash and dismiss the indictment as prosecution improperly brought." The trial court noted in its order that it found no legislative language granting the TEC *exclusive* authority to enforce the violations of the laws of which appellant is charged. Additionally, the trial court observed that there was no

requirement for the district attorney to present the results of an investigation in connection with an election or campaign finance law to the TEC prior to the commencement of a criminal prosecution. Appellant timely filed a notice of appeal of the trial court's denial and the cases were consolidated in this appeal.

## II.    ANALYSIS

On appeal, appellant raises two issues: "Does a Special Prosecutor have authority, without a referral by the Texas Ethics Commission (TEC), to prosecute violations of Election Code, title 15, and Government Code, chapter 572, where the Texas Constitution and Government code specifically provide the TEC 'shall administer and enforce' the statutes alleged to have been violated?"; and "Did the trial court err in denying Appellant's pretrial writ of habeas corpus because the failure to afford Appellant the due process provided by statute and/or Art. I, sec. 19 due course of law violated her substantive rights in that as a subject of prosecution for alleged violations of statutes wholly within the jurisdiction of TEC, she was not able to first raise defenses in an administrate hearing, obtain formal and informal rulings by the TEC or have an opportunity to cure?"

### A.    PRETRIAL HABEAS RELIEF AND STANDARD OF REVIEW

We review the trial court's ruling on a pretrial application for a writ of habeas corpus for abuse of discretion, viewing the facts in the light most favorable to the ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Gonzalez*, 525 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2017, no pet.). However, when the resolution of the ultimate issue turns on an application of purely legal standards, as here, our review is de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *cf. Ex parte Jones*, 410 S.W.3d 349, 350 (Tex. App.—Houston [14th Dist.] 2013) (explaining trial court has no discretion to analyze the law incorrectly), *aff'd*, 440 S.W.3d 628 (Tex. Crim. App. 2014). We

4

will uphold the trial court's judgment if it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001); *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.).

## B.   GOVERNING LAW ON COGNIZABILITY

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). As such, a defendant may only seek pretrial habeas relief in limited circumstances. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). "Those limited circumstances are (1) to challenge the State's power to restrain the defendant; (2) to challenge the manner of pretrial restraint, *i.e.*, the denial of bail or conditions of bail; and (3) to raise certain issues that would bar prosecution or conviction." *Ex parte Gonzalez*, 525 S.W.3d at 346 (citing *Ex Parte Smith*, 178 S.W.3d at 801).

A threshold issue is "whether a claim is even cognizable on pretrial habeas." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Appellate courts must be careful "to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Id*. (internal quotation marks and citation omitted). "Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *see also Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. *Ex parte Weise*, 55 S.W.3d at 620.

Consequently, we must determine if appellant's claims are cognizable via pretrial habeas before we are able to address the merits. *See Ex parte Ellis*, 309 S.W.3d at 79.

## C.    APPLICATION

Appellant maintains that she presents a cognizable pretrial habeas claim – "the prosecutor's failure to properly refer the complaints or obtain a referral from the TEC for matters wholly within the jurisdiction of the TEC deprives the trial court from [sic] jurisdiction in this case." Appellant asserts the indictments lodged against her must be dismissed because there was no referral from the TEC to the Special Prosecutor. According to appellant, the State is statutorily required to obtain a referral from TEC in matters solely within the enforcement authority of the TEC. Appellant further contends that the State's failure to obtain a referral from the TEC deprived her of due process, including the informal, formal, and other complaint resolution procedures of the TEC and State Office of Administrative Hearings.

The State maintains that appellant has failed to allege a due process violation that would entitle her to pretrial habeas relief. The State contends that appellant's current arguments, even if true, fail to deprive the Washington County District Court of jurisdiction over her cases or warrant her immediate release. *See Ex parte Smith*, 178 S.W.3d at 801; *Ex parte Weise*, 55 S.W.3d at 619; *Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). We agree.

The Washington County District Court is vested with original jurisdiction over all misdemeanors involving "official misconduct." *See* Tex. Code Crim. Proc. art. 4.05.[5] "Official misconduct" is defined as an "offense that is an

---

[5] "District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of

6

intentional or knowing violation of a law committed by a public servant while acting in an official capacity as a public servant." Tex. Code Crim. Proc. art. 3.04(1). Section 1.07 defines "public servant" to include "a candidate for nomination or election to public office." Tex. Penal Code § 1.07(41)(E). Here, appellant's misdemeanor charges derive from crimes she is alleged to have knowingly committed while acting as a candidate for election to public office in Washington County. Thus, jurisdiction properly vested in the district court in Washington County. Appellant has not and cannot establish how a denial of any alleged civil due process rights afforded by a TEC investigation deprives the district court in Washington County of jurisdiction over her indictments.

In sum, in light of the clear pronouncements from the Court of Criminal Appeals detailing the limits of pretrial habeas review, we conclude neither of appellant's issues are cognizable in a pretrial habeas corpus proceeding. *See Ex parte Ellis*, 309 S.W.3d at 79.

We overrule appellant's first and second issues.

### III.  CONCLUSION

We conclude appellant has not stated a cognizable claim for pretrial habeas relief. Thus, we affirm the trial court's order denying appellant's pretrial application for a writ of habeas corpus and/or first motion to quash and dismiss the indictment as prosecution improperly brought.

---

misdemeanor cases transferred to the district court under Article 4.17 of this code." Tex. Code Crim. Proc. art. 4.05.

/s/    Margaret "Meg" Poissant
        Justice


Panel consists of Justices Bourliot, Hassan, and Poissant.

Do Not Publish.  Tex. R. App. P. 47.2.