**Affirmed and Memorandum Opinion filed March 30, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00581-CR

## EX PARTE ANDREW PETE, Appellant

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1724931**

## MEMORANDUM OPINION

In two issues, pro se appellant Andrew Pete challenges the trial court's order denying his request for pretrial habeas corpus relief. In his first issue, Appellant argues that the trial judge violated Canons 2(A) and 3(B)(9) of the Texas Code of Judicial Conduct, and in his second issue, he asserts that the trial court abused its discretion in denying his pretrial application for a writ of habeas corpus. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2018, appellant was indicted by a Harris County grand jury for

the first-degree felony offense of continuous sexual abuse of a young child, committed on or about May 1, 2014 through April 19, 2015, under cause number 1535047. On May 28, 2021, the State made a re-presenment of the case to a Harris County grand jury under cause number 1724931. The grand jury re-indicted appellant for the first-degree felony offense of continuous sexual abuse of a young child, committed on or about May 1, 2014 through April 1, 2015. On June 1, 2021, the State moved to dismiss the previous charge against Appellant, citing "Case refiled as Case No. 1724931. The trial court signed the dismissal order.

Appellant filed several pretrial motions, including a pretrial application for a writ of habeas corpus which challenged the validity of the two indictments. In his habeas corpus application, appellant argued that the 2016 probable cause affidavit used by the State to secure both indictments was fatally deficient based on his allegation that the oath in the probable cause affidavit indicates that it was made to an "Assistant District Attorney of Harris County" but was either not signed by the assistant district attorney who accepted the charges or another assistant district attorney in Harris County. Consequently, appellant contended, that document is fraudulent.

On July 13, 2021, the trial court held a pretrial hearing and considered, in addition to Appellant's other motions, Appellant's habeas corpus application. At the conclusion of the hearing, the trial court announced that it lacked jurisdiction to rule with respect to the prior indictment because it had been dismissed and stated that it denied the habeas relief requested in the pending case. The trial court certified appellant's right to appeal.

## II. ISSUES AND ANALYSIS

Liberally construing appellant's second issue against a finding of waiver, appellant contends that the trial court abused its discretion in denying his habeas

corpus application, specifically alleging that the State's indictment is not founded on probable cause because it was secured from the grand jury based on a "false statement" in a probable cause affidavit. Appellant argues he has been prevented from perfecting an appeal on this allegation because he alleges that in an abuse of official capacity, the State's prosecutor presented a re-indictment of the same charge to by-pass an obligation to show good cause. ("Appellant is challenged to perfect this appeal, partly due to prosecutor Edward Applebaum, re-indictment of the State's alleged offense(s) without showing good cause.")

Standard of Review and Applicable Law

We review the trial court's ruling on a pretrial application for a writ of habeas corpus for abuse of discretion, viewing the facts in the light most favorable to the ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Gonzalez*, 525 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2017, no pet.). However, when the resolution of the ultimate issue turns on an application of purely legal standards, our review is de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *cf. Ex parte Jones*, 410 S.W.3d 349, 350 (Tex. App.—Houston [14th Dist.] 2013) (explaining trial court has no discretion to analyze the law incorrectly), *aff'd*, 440 S.W.3d 628 (Tex. Crim. App. 2014). We will uphold the trial court's judgment if it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001); *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.).

Analysis

Upon our review of the record, we acknowledge that the State reindicted appellant well after he had been detained under cause number 1535047, and shortly after the State was asked to show cause under the Texas Code of Criminal

Procedure, article 32.01(a).[1]  Contrary to appellant's suggestion, nothing in the record indicates that the State acted improperly or maliciously when it re-indicted appellant under cause number 1724931 and subsequently dismissed cause number 1535047.  The State was not prevented from charging appellant a second time under a different cause number so long as it had probable cause to believe that the accused committed an offense defined by statute. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  Additionally, contrary to appellant's unsupported contentions, when it reindicted appellant under cause number 1724931, the state was not additionally required to make a "good cause" showing under article 32.01(a).

The face of the probable cause affidavit, including the officer's oath, does not reveal any impropriety.  Appellant's allegation that the signature above "Assistant District Attorney of Harris County" is improper or fraudulent is unsupported by the face of the instrument.[2]  Appellant presented no evidence of impropriety either by the district attorney signing the complaint or the magistrate who signed the arrest warrant.  Appellant points to no law requiring that an oath in such an affidavit must be made to the same officer who reviewed the case and accepted charges.

On this record we cannot find that the trial court violated any constitutional provision or abused its discretion in granting appellant's pretrial application for a writ of habeas corpus for abuse of discretion.  We therefore overrule appellant's second issue.

---

[1] Appellant's current complaint on appeal is not based on a speedy trial assertion.  Additionally, Appellant has not presented on appeal any meaningful challenge to the probable cause affidavit.

[2] Appellant alleged that the handwritten bar card number was "2406218**1**", a fact appellant considered to be "unambiguous".  This appears to have led to his assumption the instrument was signed by a non-prosecutor, and thus "falsified".

4

Did the Trial Judge Violate Canons 2(A) and 3(B)(9) of the Texas Code of Judicial Conduct?

Appellant sets out his first issue by briefly describing the manner in which the court addressed the various matters presented at the July 13, 2021 hearing– without "being invited nor allowed to present his position in any of his pleadings." Our review of the record conflicts with appellant's view. While the trial court did give ample time to the County attorney on the County's motion related to appellant's library use, the record shows the judge also took care to address appellant's various motions, beginning with appellant's discovery motion. In the course of that motion, the court asked the State if an arrest warrant had been provided to appellant, ("Mr. Appelbaum, was there an arrest warrant? I think it's a capias"), and without objection the State confirmed that a copy of the arrest warrant had been provided to appellant. The discussion continued on appellant's motions, and at some point appellant indicated a desire for the court to "at least acknowledge" his pretrial writ of habeas corpus on file and obtain a ruling from the court so he could move forward with an appeal, at which time the court issued its summary rulings. The relevant portion of the record is as follows:

> Another thing, Judge, there's three motions I've been trying to get some kind of ruling on. Motion for dismiss for selective prosecution, I filed a pretrial writ of habeas corpus on this case. I want the Judge to at least acknowledge it so if I need to move forward with an appeal, I can move forward with an appeal and all that.
>
> . . .
>
> THE COURT: On Defendant's Pro Se Motion to Dismiss Indictment for Selective Prosecution, like you said, 6/24/2021, the Court denies that motion. I will sign the order and we'll give you a copy, Mr. Pete. And then finally, the writ of habeas corpus, Mr. Pete --
>
> THE DEFENDANT: Mr. Appelbaum – you asked Mr. Appelbaum was an arrest warrant given --

5

THE COURT: Mr. Pete, I'm ruling on something else. Give me one second, please.

Mr. Pete, on the prior -- under the habeas corpus relief where you're asking the Court to dismiss the prior indictment, the Court rules that the Court has no jurisdiction at this moment as the case has already been dismissed; so therefore, there is nothing for the Court to rule on --

THE DEFENDANT: You said -- I'm sorry, but you said the case been dismissed?

THE COURT: The prior case.

THE DEFENDANT: I'm not asking for the prior case, Judge, on the habeas corpus.

THE COURT: Mr. Pete, the prayer on your motion says: Applicant Andrew Pete prays the Court dismiss the prior/present indictment and case with prejudice. Therefore, as to the prior case, the Court has no jurisdiction. As to the present indictment, the Court rules that that's denied and that is the order of the Court. I will make the order in writing; so that way, you can take it up if you need to, Mr. Pete.

As far as the scheduling for the trial, based on the arguments today, Mr. Pete, you are still missing evidence on your case.

THE DEFENDANT: Judge, I'm willing to waive all that and let's go to trial. . ..

On this record, appellant contends that that the trial court violated two Cannons of Judicial Conduct, first that "[a] judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Tex. Code Jud. Conduct, Canon 2(A), *reprinted* in Tex. Gov't Code Ann., tit. 2, subtit. G, app. C (West 2021) ("Code of Judicial Conduct"), and second, that "[a] judge should dispose of all judicial matters promptly, efficiently and fairly." Tex. Code Jud. Conduct, Canon 3(B)(9). To reverse a trial court's judgment on the grounds of judicial misconduct, there must be judicial impropriety, coupled with probable prejudice to the complaining party, and rendition of an improper verdict. *Fernandez v. State*, 597 S.W.3d 546, 560

6

(Tex. App.—El Paso 2020, pet. ref'd).

The record must show that the trial court ruled, expressly or implicitly, on the request, objection, or motion, or the trial court refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a)(2); *Pena v. State,* 353 S.W.3d 797, 807 (Tex. Crim. App. 2011); see also *McKeand v. State*, No. 14-14-00943-CR, 2015 WL 5092177, at *2 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, no pet.)(mem. op., not designated for publication). Appellant did not object to the trial court's refusal to hear argument on appellant's position with respect to the habeas corpus application. We find appellant's statements prior to the court's ruling an invitation for a summary ruling without argument, e.g., "I want the Judge to at least acknowledge it so if I need to move forward with an appeal, I can move forward with an appeal and all that". Later when appellant referred to the prior discussion in the discovery motion–about the court's question about the arrest warrant, appellant failed to provide sufficient specificity to make the trial court aware of any complaint in connection with the habeas corpus application. Assuming, arguendo, that the court committed breach in not fairly allocating time to appellant to present additional legal arguments in support of his position in his pleadings appellant has not demonstrated any harm. *See Fernandez*, 597 S.W.3d at 560. The court properly rejected appellant's habeas application and appellant has not shown any further legal argument that would have altered the result based on the record.

We therefore overrule appellant's first issue.

## III. CONCLUSION

Having overruled appellant's two issues, we affirm the trial court's order denying appellant's pretrial habeas corpus application.

/s/    Randy Wilson
        Justice

Panel consists of Justices Wise, Poissant and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).