

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00161-CR
_____

LAJARVUS GERJUAN ANTHONY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas,
Trial Court No. 29917C, Honorable John Board, Presiding

June 27, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Lajarvus Gerjuan Anthony appeals his conviction for aggravated robbery and asserts four issues. Three pertain to court costs assessed against him while one involves an inaccurate statement in the judgment. We modify the judgment and bill of costs and affirm as modified.

### Issue One

Appellant first argues that the trial court erred by assessing court-appointed attorney's fees against him. The assessment appears within the judgment and May 24, 2022 bill of costs. Because the State concedes the issue, the judgment and bill of costs will be modified to remove the assessment.

### Issue Three

Through his third issue, appellant argues that "the 'time payment fee' . . . is premature and should be deleted without prejudice to subsequent assessment."[1] The $15 fee expressly appears in the bill of costs, which bill the trial court referred to within the judgment. Like the payment of fines, costs, and restitution, the payment of the time payment fee is suspended while an appeal pends. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Moreover, the duty to pay the fee depends on whether fines, costs, and the like go unpaid within the time period mentioned in the statute; again, the person has until the 31st day after the date on which the judgment is entered to avoid the obligation. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030 (a)(2). We further note that the State also concedes the issue. Thus, the judgment and bill of costs will be modified to exclude assessment of the fee at this time.

### Issue Four

By his fourth issue, appellant asks that we correct the judgment to reflect that the parties entered into no plea-bargain agreement. It currently insinuates that they did by

---

[1] Per article 102.030 of the Texas Code of Criminal Procedure, a person convicted of an offense "shall pay a reimbursement fee of $15" if he or she "pays any part of a fine, court costs, or restitution, or another reimbursement fee, on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee." TEX. CODE CRIM. PROC. ANN. art. 102.030(a)(2).

referencing a 75-year sentence under the topic "terms of plea bargain."  Because the State responds that the "request should be honored so that the judgment is true and correct," we will modify the judgment to indicate that no plea bargain was involved.

### Issue Two

Through issue two, appellant alleges that "[t]he 'Time Payment' fees assessed pursuant to Texas Local Government Code §§ 133.103(b) and (d) are facially unconstitutional and violate the Separation of Powers provision of the Texas Constitution."[2]  We overrule the issue.

As concluded in issue three, assessment of the time payment fee was premature.  Our modification of the judgment and bill of costs relieves appellant from the obligation.  This renders our consideration of his constitutional complaint problematic.

Generally, a constitutional attack may not be based on an apprehension of future injury.  *Ex parte Spring*, 586 S.W.2d 482, 485 (Tex. Crim. App. [Panel Op.] 1978); *Ex parte Gonzalez,* 525 S.W.3d 342, 347 (Tex. App.—Houston [14th Dist. 2017, no pet.).  Simply put, determining the constitutionality of a statute is not ripe unless the record shows that the challenged statute will be applied to the defendant.  *Ex parte Gonzalez*, 525 S.W.3d at 347.  Our having decided to excise the time payment fee from the judgment and bill of costs, appellant is not obligated to pay it.  Moreover, he will remain so unobligated as long as 1) the duty to pay them remains suspended per *Dulin* and 2) he pays his fines, court costs, and the like within the time period mentioned in the statute after the suspension lifts.  So, at this time, we cannot say that the statute will be applied

---

[2] Apparently, the fee in question was imposed through § 133.103 of the Texas Local Government Code prior to 2021.

to him.  This leads us to conclude that his constitutional attack upon article 102.030 of the Code of Criminal Procedure is also premature or unripe.

In sum, we redact from the judgment and bill of costs the assessment upon appellant of attorney's fees and the time payment fee.  We also modify the judgment to reflect that no plea bargain was involved in the prosecution or conviction of appellant. Having so modified the judgment, we also affirm it.


Brian Quinn
Chief Justice


Do not publish.